**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**EASTERN DIVISION**

FRANKIE WILLIAMS,                                                          PLAINTIFF
ADC #95949

v.                                          2:15cv00180-JM-JTK

RORY GRIFFIN, et al.                                                     DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge James M. Moody, Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

1

3.      The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

## DISPOSITION

## I.      Introduction

Plaintiff Frankie Williams is a state inmate incarcerated at the East Arkansas Regional Unit of the Arkansas Department of Correction (ADC).  He filed this action pursuant to 42 U.S.C. § 1983, alleging denial of adequate medical care and treatment for a painful back condition.  (Doc. No. 1)  Defendants Correct Care Solutions and Griffin were dismissed on December 14, 2015, and Defendant Amy Rowland was dismissed on June 6, 2016 (Doc. Nos. 15, 65).  The remaining Defendants are Jeffery Stieve[1] and Brett Butler.

This matter is before the Court on the Defendants' Motion for Summary Judgment, Brief in Support, and Statement of Facts (Doc. Nos. 71-73).  On September 12, 2016, Plaintiff filed an affidavit dated July 31, 2014, which he submitted to former Defendant Rory Griffin, together with other evidence in support of his Complaint.  (Doc. No. 74).  However, Plaintiff did not file a

---

[1]Originally identified by Plaintiff as Dr. Stevie.

2

Response directed to the Defendants' Summary Judgment Motion.  Therefore, by Order dated September 13, 2016, this Court directed Plaintiff to file a Response to the Motion within fifteen days of the date of the Order (Doc. No. 75).  The Court further advised the Plaintiff that failure to respond to the Court's Order would result in all of the facts set forth in Defendants' Motion and Brief being deemed admitted by Plaintiff pursuant to Local Rule 56.1(c), or in dismissal without prejudice of his Complaint, pursuant to Local Rule 5.5(c)(2).[2]   As of this date, Plaintiff has not filed a Response to the Motion.

## II.    Complaint

Plaintiff alleged that beginning in 2010, he was treated for a back injury with pain medication, but that the pain worsened until he was prescribed "Backlofin"[3] in March, 2013 (Doc. No. 1-1, p. 6) In December, 2014, the medication was discontinued and replaced with Zanaflex and "Gabapantin."  However, the pain became more severe and Plaintiff sent sick call requests in hopes to receive an increase in the dosage of the muscle relaxers.  (Id.)  He requested an increase in the Zanaflex from Defendant Butler in June, 2014, but Butler discontinued all Plaintiff's medications

---

[2]Rule LR5.5(c)(2) of the Rules of the United States District Courts for the Eastern and Western Districts of Arkansas provides as follows:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case and to prosecute or defend the action diligently . . . . If any communication from the Court to a pro se plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. . . .

[3]The Court assumes Plaintiff refers to Baclofen, a muscle relaxer. Www.drugs.com/baclofen.html

and replaced them with Robaxin and Naproxin, which did nothing to relieve his pain.  (Id.)  Butler

also ordered a MRI test, together with a consult request for Plaintiff to see an orthopaedic physician.

(Id.)  Plaintiff saw Dr. Crowell (the orthopaedic physician) in August, 2014, and he recommended

Gabapentin, Tramadol, and Zanaflex, together with epidural steroid injections.  (Id.)

      Shortly thereafter, Plaintiff saw Defendant Butler for a follow-up, and he prescribed the three

medications recommended by Dr. Crowell.  (Id.)  However, instead of ordering steroid injections,

he prescribed Plaintiff a ten-day cycle of steroid pills, which was not effective in reducing the pain.

(Id.)  Plaintiff saw a non-party physician, Dr. Drummonds, in May, 2015, and he discontinued

Plaintiff's medications and substituted Ibuprofen or Tylenol for pain, which also was not effective.

(Id., p. 7) Plaintiff saw the orthopaedic physician again in July, 2015, and the doctor prescribed

Zanaflex, Gabapentin, and Tramadol, and recommended a new MRI.  (Id.)  However, Defendant

"Stevie" denied the recommendations and Plaintiff continued to suffer while taking Tylenol or

Ibuprofen. (Id.) Plaintiff asks the Court for damages, plus an injunction requiring Defendants to

follow the recommendations of the orthopaedic physician.  (Id., p. 9)

## III.    Summary Judgment Motion

      Pursuant to FED.R.CIV.P. 56(a), summary judgment is appropriate if the record shows that

there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of

law.  See  Dulany v. Carnahan, 132 F.3d 1234, 1237 (8th Cir. 1997).  "The moving party bears the

initial burden of identifying 'those portions of the pleadings, depositions, answers to interrogatories,

and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence

of a genuine issue of material fact.'"  Webb v. Lawrence County, 144 F.3d 1131, 1134 (8th Cir.

1998) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (other citations omitted)).  "Once

the moving party has met this burden, the non-moving party cannot simply rest on mere denials or allegations in the pleadings; rather, the non-movant 'must set forth specific facts showing that there is a genuine issue for trial.'" Id. at 1135.  Although the facts are viewed in a light most favorable to the non-moving party, "in order to defeat a motion for summary judgment, the non-movant cannot simply create a factual dispute; rather, there must be a genuine dispute over those facts that could actually affect the outcome of the lawsuit." Id.

In addition, "all material facts set forth in the statement (of undisputed material facts) filed by the moving party...shall be deemed admitted unless controverted by the statement filed by the non-moving party."  Local Rule 56.1, Rules of the United States District Court for the Eastern and Western Districts of Arkansas.  Failure to properly support or address the moving party's assertion of fact can result in the fact considered as undisputed for purposes of the motion.  FED.R.CIV.P. 56(e)(2).

### A.    Undisputed Facts

According to the facts set forth by Defendants in their Statement of Undisputed Material Facts (Doc. No. 73), which were not otherwise disputed by the Plaintiff, and the Declaration of Dr. Nannette Vowell, a staff physician at the Ouachita River -Special Needs Unit of the ADC, Plaintiff received a MRI in December, 2013, which revealed degenerative disk disease most pronounced at the base of his spine. (Id., p. 2) Plaintiff was provided with different pain regimens, including Zanaflex, Gabapentin, Naproxen, and Indomethacin.  (Id.)  Plaintiff saw an orthopaedic physician, Dr. Crowell, in August, 2014, who recommended epidural steroid injections, and Tizanidine (Zanaflex), Tramadol, and Gabapentin through April, 2015. (Id.) Defendant Butler prescribed Plaintiff the medications, but did not provide him with the injections. (Id.)  Dr. Vowell does not

disagree with Butler's decision not to provide the injections, as clinical trials have shown that the injections provide only a modest and short-term benefit for pain. (Doc. No. 73-2, p.2)

In April, 2015, Defendant Butler noted that Plaintiff would not be prescribed Tramadol any further due to abuse. (Doc. No. 73, p. 3) Plaintiff denied the accusation and another health professional renewed the Tramadol prescription for one month on April 14, 2015. (Id.) Lab results from blood drawn on April 21, 2016, showed no levels of Tramadol, indicating that Plaintiff was not taking this medication. (Id.)[4] Plaintiff was then prescribed non-narcotic pain medications. (Doc. No. 73, p. 3) Following a physical examination on May 21, 2015, with non-party nurse Drummond, Tramadol, Gabapentin, and Zanaflex were determined not to be medically-indicated, and were replaced by Acetaminophen. (Id.)

Dr. Crowell (the orthopaedic physician) evaluated Plaintiff again in July, 2015, and recommended the same medications he did previously, plus a new MRI. (Id., p. 4) Defendant Stieve, the regional medical director for Correct Care Solutions (CCS), medically decided that the additional MRI was not necessary because it would not change the course of management of Plaintiff's condition. (Id.) He also decided that the three medications recommended were not appropriate, and recommended weight loss, walking, back extension exercises, NSAID medications[5] and/or Tylenol. (Id.) Dr. Vowell states that specialists' recommendations for specific medications and/or procedures are merely recommendations, and may be modified by the treating physicians due

---

[4]Dr. Vowell also notes that even though Plaintiff had no Tramadol in his system, he reported on April 20, 2015, that the current medications were relieving his pain. (Doc. No. 73-2, p. 3)

[5]Nonsteroidal anti-inflammatory drugs.  Www.webmd.com

to unique challenges posed by caring for incarcerated patients. (Doc. No. 73-2, p. 4) She states that Defendant Stieve's assessment and recommendations were appropriate, and noted that a MRI is not therapeutic, but simply a tool used to diagnose abnormalities. (Id.) Recent studies have shown that repeat imaging should not be routine absent severe or progressive deficits, which were not present in this case, because Plaintiff's complaints of pain did not alter. (Id., pp. 4-5) In addition, the prescription for NSAIDS was appropriate because they are the primary recommendation for chronic pain, and the treatment by both Defendants Stieve and Butler was appropriate to address Plaintiff's medical condition. (Id.)

Based on Plaintiff's medical records (Doc. No. 73-1, pp. 3-48) and Dr. Vowell's declaration, Defendants state that Plaintiff cannot provide proof that Defendants acted with deliberate indifference to his serious medical needs, and that his disagreement over their medical decisions does not support a constitutional claim for relief. Dulany, 132 F.3d at 1239. In addition, Plaintiff has provided no evidence that his condition deteriorated during the period of treatment, and Dr. Vowell noted no progression of visible symptoms such as atrophy or increasing weakness. (Doc. No. 73-2, p. 4)

### B.    Analysis

In order to support a claim for an Eighth Amendment violation, Plaintiff must prove that Defendants were deliberately indifferent to a serious medical need. Farmer v. Brennan, 511 U.S. 825, 834 (1994). However, even negligence in diagnosing or treating a medical condition does not constitute a claim of deliberate indifference. Estelle v. Gamble, 429 U.S. 97, 105-06 (1976). Rather, the "prisoner must show more than negligence, more even than gross negligence, and mere disagreement with treatment decisions does not rise to the level of a constitutional violation," Estate

of Rosenberg v. Crandell, 56 F.3d 35, 37 (8th Cir. 1995).  See also Smith v. Marcantonio, 910 F.2d 500, 502 (8th Cir. 1990) (holding that a mere disagreement with a course of medical treatment is insufficient to state a claim for relief under the Eighth Amendment).  Furthermore, prison physicians are entitled to exercise their medical judgment, and "do not violate the Eighth Amendment when, in the exercise of their professional judgment, they refuse to implement a prisoner's requested course of treatment." Long v. Nix, 86 F.3d 761, 765 (8th Cir. 1996).  In addition, an inmate who complains that a delay in medical treatment constitutes a constitutional violation must provide "verifying medical evidence" in the record to establish the detrimental effect of the delay, in order to succeed on his claim.  Beyerbach v. Sears, 49 F.3d 1324, 1326 (8th Cir. 1995) (overruled in part on other grounds).  Finally, "[i]n the face of medical records indicating that treatment was provided and physician affidavits indicating that the care provided was adequate, an inmate cannot create a question of fact by merely stating that [he] did not feel [he] received adequate treatment." Dulany, 132 F.3d at 1240.

In this case, absent any dispute from Plaintiff to the contrary, the Court finds as a matter of law that Defendants did not act with deliberate indifference to his serious medical needs by failing to follow all the recommendations of the orthopaedic physician.  There is no dispute that Plaintiff has been continuously treated for his back condition, and his complaints are based on the type of medical treatment provided by Defendants, which do not state a constitutional claim for relief. See Smith, 910 F.2d at 502.  Therefore, Plaintiff's allegations against them should be dismissed with prejudice.

## III.   CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1)      Defendants' Motion for Summary Judgment (Doc. Nos. 71) be GRANTED.

2)      Plaintiff's allegations against Defendants Butler and Stieve be DISMISSED with prejudice.

3)      The Clerk correct the docket to reflect the correct name of Defendant Stieve.

IT IS SO RECOMMENDED this 17th day of October, 2016.

_____

JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE